**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Carmen Marquez-Marin

    v.                                                      Civil No. 05-ds-247-SM (NH)
                                                                   Civil No. 05-cv-1619-HL (PR)

Alberto Gonzalez, Attorney General
of the United States, et al.

**O R D E R**

Plaintiff moves to compel the deposition of AUSA David Rivera in Puerto Rico. Defendant objects.

Background

Plaintiff has sued defendant for damages related to alleged gender and national origin discrimination and for retaliatory termination. She was dismissed from a position as a federal prosecutor in Puerto Rico. Her supervisor for the one and one-half year period prior to her termination was David Rivera. Rivera has been identified as a witness for trial by defendant. Plaintiff wishes to depose him in Puerto Rico, or, as a back up, in Miami. Defendant maintains that since Rivera is now a Deputy Chief in the U.S. Attorney's Office in Nashville, Tennessee, the strict requirements of Fed. R. Civ. P. 45(b)(2) should apply and that the exceptions to the rule do not apply.

Discussion

Despite the requirement that counsel are expected to appear in person, lawyers from the Department of Justice frequently request to appear by telephone.  Invariably, I have granted the requests.  While defense counsel has not referenced it in her response, plaintiff's counsel states that defense counsel refused to produce Mr. Rivera outside Tennessee because "(t)he 'policy' of the United States government is not to provide witnesses outside of their location for the purpose of taking of depositions" even where the witness has been listed for trial by the government and is an employee under the government's control.  Presumably, the government "policy" is not inflexible or lawyers from Justice would begin to experience the same inflexibility from others.

The financial positions of the parties are dramatically different.  Only the Defense Department is better funded than Justice.  Ms. Marquez-Marin on the other hand is in financial straits.  Defendant employs Mr. Rivera and wants to use him as a trial witness.  It will not cost the government any more in time or money to fly Mr. Rivera to Miami than it would to fly Ms. Fernandez to Tennessee.  Defendant is ordered to produce Mr.

Rivera in Miami for deposition at a time mutually agreeable to Mr. Rivera, Ms. Fernandez and Ms. Berkan.

**SO ORDERED.**

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date: June 2, 2006

cc:   Judith Berkan, Esq.
      Carole M. Fernandez, Esq.
      Mary Jo Mendez-Vilella, Esq.
      US District Court - PR, Clerk